## PENINSULAR NET & TWINE Co. v. UNITED STATES

No. 5222.—Invoices dated Apeldoorn, Holland, November 24, 1939, etc.
Certified December 27, 1939, etc.
Entered at Tampa, Fla, January 24, 1940, etc.
Entry No. 406, etc.

(Decided April 18, 1941)

*Henry Cohen* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

KINCHELOE, Judge: These appeals to reappraisement, all of which were consolidated for the purposes of trial by consent of the parties, involve the determination of the proper dutiable value of certain linen fish nets which were imported from Holland and entered at the port of Tampa, Fla.

There is no dispute between the parties that the proper basis for appraisement of the instant merchandise is foreign value, the sole question before me being whether or not an item of 2½ per centum cash discount should be included in the determination of such dutiable value.

It appears of record herein that the linen fish nets in question are identical with those which were the subject of this court's decision in the matter of *Peninsular Net & Twine Co.* v. *United States* (Reap. Dec. 4930); that the instant merchandise was exported by the same shipper and received by the same importer who were the parties to the transactions involved in said case; and that the conditions prevailing in the foreign market at the time of exportation of the present merchandise were the same as those existing when the merchandise involved in the said case was exported.

In the light of such established facts, the record in said Reap. Dec. 4930 was incorporated herein upon motion of counsel for plaintiff, over objection by counsel for defendant. The grounds of said counsel's objection to the incorporation of the said record were because the dates of exportation of the merchandise covered by the shipments involved herein were different from those when the merchandise in the previous case was exported. Whereas the instant merchandise was exported between November, 1939, and March, 1940, the merchandise involved in the shipments the subject of Reap. Dec. 4930, *supra*, was exported between April, 1939, and October, 1939. In other words, twelve shipments of these linen fish nets were made to the plaintiff herein from the same exporter in Holland between April, 1939, and March, 1940. Six of those shipments were the subject of the previous decision, said Reap. Dec. 4930, and the remainder are now before me. On the basis of the testimony of plaintiff's witness, who also appeared in the previous case, that the conditions remained the same in the foreign market throughout the entire period covered by all of said shipments, and in view of the fact that the merchandise is identical and the parties are the same as in the said case, the motion to incorporate the record in Reap. Dec. 4930, *supra*, was granted.

In the said case it was established by uncontradicted testimony offered by plaintiff that these linen fish nets were bought and sold in

the foreign market for home consumption; and that a 2½ per centum cash discount was freely offered to all purchasers of such merchandise.

On the basis of the record before me I hold that the item of 2½ per centum cash discount is properly deductible from the invoice value of the merchandise in question in fixing the proper dutiable foreign value thereof. Judgment will be entered accordingly.